UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTINA FERGUSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NOVANT HEALTH, INC. AND ) | CIVIL ACTION NO: 3:22-CV-00255 |
| NOVANT HEALTH, INC. D/B/A ) | |
| NOVANT HEALTH WAXHAW ) | |
| FAMILY & SPORTS MEDICINE, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**NOW COMES** Christina Ferguson (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and hereby files this Complaint for relief against Defendants Novant Health, Inc. and Novant Health, Inc. d/b/a Novant Health Waxhaw Family & Sports Medicine (hereinafter collectively referred to as "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. The Plaintiff brings claims alleging violations of the Family and Medical Leave Act of Act of 1993, 29 U.S.C. § 2601-2654 ("FMLA"); the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101, *et seq.* ("ADAAA"); and North Carolina common law and public policy.

2. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2617(a)(2).

3. This Court has supplemental subject matter jurisdiction over the state law claims herein pursuant to 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims.

4. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the Western District of North Carolina.

**PARTIES**

5. Plaintiff is and, at all times relevant hereto, was a citizen and resident of Union County, North Carolina.

6. Defendant Novant Health, Inc. is, upon information and belief, a North Carolina corporation with its office and principal place of business in Forsyth County, North Carolina.

7. Defendant Novant Health, Inc. d/b/a Novant Health Waxhaw Family & Sports Medicine is, upon information and belief, a North Carolina corporation with its office and principal place of business in Forsyth County, North Carolina.

8. Defendants are employers within, and subject to, the Family Medical Leave Act ("FMLA") that regularly employ at least 50 or more employees.

9. Plaintiff was employed and supervised by Defendants at all times relevant to this action at a worksite where the Defendants employee at least 50 employees within 50 miles.

10. At all relevant times herein, Defendants and their agents were and have been aware or should have been aware of the unlawful discrimination and retaliation alleged

herein and refused to take adequate steps to investigate and remedy such unlawful conduct.

## FACTUAL ALLEGATIONS

11. Plaintiff began working for Defendants on July 1, 2019 and was working for Defendants in June, 2020.

12. During June, 2020, several of Plaintiff's coworkers at Defendants' place of business organized a protest demonstrating support for the Black Lives Matter movement to take place during the work day on June 22, 2020 in the business's parking lot, which was shared with the Waxhaw Police Department.

13. Plaintiff is a white woman whose husband is a police officer and she expressed opposition to the protest due to her husband's occupation.

14. Although she was informed that participation in the protest was optional, after expressing her opposition, she suffered targeted harassment from several coworkers. By way of example only, she was called a racist by coworkers and, before leaving for the protest, one coworker stared directly at her and told her he was "going to get pig for lunch." At the time he made this comment, he knew that Plaintiff's husband was a police officer and knew or should have known that such a comment would cause her distress.

15. Plaintiff reported the harassment to the Medical Director, Dr. Malecki, and Defendants' Human Resources department, but no action was taken in response to her complaints. As a result, she feared for her safety in her workplace, and suffered stress and anxiety to such an extent that she ended up being physically ill while at work.

16. Because of her mental and physical symptoms, Plaintiff went to see a psychiatrist with Atrium Health Behavioral Health Charlotte, Dr. Pleas Geyer, M.D., who wrote her out of work until August 1, 2020, noting specifically that she was suffering from anxiety with panic attacks caused by her treatment in the workplace.

17. As of July 21, 2020, Dr. Geyer specifically opined that if Plaintiff's panic attacks and anxiety were not resolved with time off work, it "may require a lateral transfer" and that she may "need [a] fresh start at new work site."

18. When Plaintiff was taken out of work, Defendants informed Plaintiff that she was not eligible for FMLA leave because she had not yet worked at Novant Health for a full year. Plaintiff pointed out that she would have worked for Defendants for one year as of July 1, 2020, but she was falsely informed that she would not be eligible for FMLA even after July 1, 2020.

19. On July 31, 2020, Dr. Geyer again opined that Plaintiff needed a leave of absence and that the mistreatment she experienced in the workplace had caused her to suffer panic attacks. He recommended Plaintiff's return to work "be facilitated by initially remotely resuming work, if possible, before facing co-workers" and that she be allowed "2-4 weeks remote work if possible." Dr. Geyer further noted that a "lateral transfer would be indicated" if she had difficulty returning to her current workplace. Despite having this information from her doctor and being entitled to FMLA leave at the time, Defendants terminated Plaintiff's employment effective August 19, 2020.

20. On November 27, 2020, Plaintiff filed a Charge of Discrimination against Defendants, assigned Charge Number 430-2021-00407, alleging discrimination based on

4

Case 3:22-cv-00255-KDB-DCK   Document 1   Filed 06/07/22   Page 4 of 11

disability and retaliation. Plaintiff's Charge of Discrimination is attached hereto as **Exhibit A**.

21. On May 4, 2022 the EEOC terminated its investigation and issued Plaintiff a Notice of Right to Sue, attached hereto as **Exhibit B**. This Complaint is filed within 90 days of its issuance and is therefore timely filed.

22. All administrative remedies have been exhausted.

## FIRST CAUSE OF ACTION
## VIOLATION FAMILY AND MEDICAL LEAVE ACT (Interference): WRONGFUL DISCHARGE

23. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth below.

24. Plaintiff worked for Defendant from July 1, 2019 until August 19, 2020.

25. Plaintiff was an "eligible employee" according to 29 U.S.C. § 2611(2)(A)(i) as of July 1, 2020, as she had worked for Defendants for 12 months as of that date.

26. Plaintiff was entitled to leave as of July 1, 2020 pursuant to 29 U.S.C. § 2612(a)(1)(D) because her severe stress and anxiety constituted "a serious health condition that makes the employee unable to perform the functions of the position of such employee."

27. Because Plaintiff was an eligible employee entitled to leave as of July 1, 2020, and she had requested leave from her employer, she was entitled to the protections guaranteed by 29 U.S.C. § 2614(a)(1), which states that "any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave—(A) to be restored by the employer to the position of

employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

28. The Defendants illegitimately prevented Plaintiff from obtaining the benefits to which she was entitled under the FMLA.

29. Plaintiff was wrongfully terminated on August 19, 2020 while she was on leave subject to the protections guaranteed by 29 U.S.C. § 2614.

30. Plaintiff's wrongful discharge occurred in violation of federal law and the public policies included in 29 U.S.C. § 2601, *et seq*.

31. These public policies were applicable at the time of Plaintiff's termination.

32. Plaintiff's termination is a direct violation of the FMLA statutes and North Carolina public policy.

33. Because of her wrongful termination and the Defendants' interference with her FMLA rights, Plaintiff incurred damages including, but not limited to, loss of past and future income and benefits, medical expenses, physical and emotional distress, damage to her professional record and reputation, and other pecuniary and non-pecuniary losses.

## SECOND CAUSE OF ACTION
## FAMILY AND MEDICAL LEAVE ACT
## VIOLATION OF 29 U.S.C. § 2615

34. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth below.

35. 29 U.S.C. § 2615(a)(1) states that "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

36. When Defendants falsely informed Plaintiff that she was not entitled to FMLA leave as of July 1, 2020, while Plaintiff was trying to deal with her serious physical and mental health conditions, Defendants were interfering with and restraining her legitimate exercise of her right to leave in violation of 29 U.S.C. § 2615(a)(1).

37. By telling Plaintiff she was not entitled to FMLA leave and then terminating her in violation of the FMLA, Defendants were attempting to prevent her from realizing she was protected by 29 U.S.C. § 2614 and therefore interfering with her right of action as provided by 29 U.S.C. § 2617.

38. 29 U.S.C. § 2615(a)(2) states that "it shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

39. When Plaintiff protested against her employer's declaration that she was not entitled to FMLA benefits as of July 1, 2020, she was protesting against the Defendants' interference with her rights as stated above, made unlawful by 29 U.S.C. § 2615(a)(1).

40. Plaintiff received no further communication from Defendants between this exchange and her termination on August 19, 2020. She therefore believes her termination was motivated, at least in part, by discriminatory animus based on her lawful opposition to Defendants' practices which were made unlawful by the FMLA. This constitutes a violation of 29 U.S.C. § 2615(a)(2).

41. Because of these unlawful actions perpetrated by Defendant, Plaintiff incurred damages including, but not limited to, loss of past and future income and benefits, medical expenses, physical and emotional distress, damage to her professional record and reputation, and other pecuniary and non-pecuniary losses.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990,**
**42 U.S.C. § 12101,** *et seq.*
**AND ADA Amendments Act of 2008,**
**42 U.S.C. § 12101,** *et seq.***:**
**DISCRIMINATION AND DISCRIMINATORY DISCHARGE**

42. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth below.

43. Plaintiff is within the ADA's protected class pursuant to 42 U.S.C. § 12102 because she has physical and mental impairments, anxiety with panic attacks, that substantially limits her ability to engage in at least one daily activity; she has a record of such impairment; and she was, as of June 22, 2020, perceived by Defendant and its managers, supervisors, agents, and employees to have such an impairment.

44. Plaintiff was discriminated against because of her disability. Defendant failed to accommodate her pursuant to the recommendations of heath care professionals or to engage in an interactive process as required by the ADA after being notified of her disability to determine if accommodations could reasonably be made for her disability. Because of this lack of interactive process, Plaintiff received no accommodations and was unable to return to work until she was ultimately terminated on August 19, 2020. She

believes that she was terminated, at least in part, because of her disability and Defendants' unwillingness to provide reasonable accommodations for her.

45. Plaintiff suffered materially adverse employment actions when she was forced to remain on unpaid leave absent reasonable accommodations and when she was terminated.

46. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff incurred damages including, but not limited to, lost income and benefits, humiliation, loss of enjoyment of life, emotional distress, and damage to her professional record and reputation.

## **FOURTH CAUSE OF ACTION**
## **NORTH CAROLINA COMMON LAW:**
## **WRONGFUL DISCHARGE**

47. Plaintiff incorporates by reference all preceding paragraphs as if the same were fully set forth below.

48. Plaintiff worked for Defendant from approximately July 1, 2019 until August 19, 2020. Plaintiff never received any complaints regarding her performance prior to her termination.

49. Plaintiff was wrongfully terminated on August 19, 2020.

50. Plaintiff's wrongful discharge occurred in violation of North Carolina common law and the public policies included in N.C. Gen. Stat. § 143-422.2.

51. N.C. Gen. Stat. § 143-422.2 states: "It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color,

national origin, age, sex or **handicap** by employers which regularly employ 15 or more employees." (Emphasis added). The right to be free from discrimination based on age in the workplace is the public policy of North Carolina, supported by robust common law.

52. This public policy was applicable at the time of Plaintiff's wrongful termination.

53. Plaintiff is a member of a protected category by reason of her handicap/disability, as previously alleged herein.

54. Defendants' motivation for terminating Plaintiff violated North Carolina's public policy against discrimination based on handicap in the workplace. Her termination was due to her disability and/or Defendants' unwillingness to reasonably accommodate her disability.

55. Because of her wrongful termination, Plaintiff incurred damages including, but not limited to, loss of past and future income and benefits, humiliation, loss of enjoyment of life, physical and emotional distress, damage to her professional record and reputation, and other pecuniary and non-pecuniary losses.

**WHEREFORE**, the Plaintiff respectfully prays the court that:

1. The Court declare that the acts, practices, and omissions complained of herein are illegal and violate the FMLA and ADA;

2. The Plaintiff recover compensatory damages in a sum to be determined at trial, with interest allowed by law;

3. The Plaintiff recover liquidated damages in a sum to be determined at trial, with interest allowed by law;

4. The Plaintiff recover exemplary and/or punitive damages in an amount to be determined at trial;

5. The costs of this action, including reasonable attorneys' fees and expert witness fees, be taxed against the Defendants;

6. This action be tried by a jury; and

7. The Court grant such other and further relief as shall be just and proper.

Respectfully submitted on this, the 7th day of June, 2022.

                                                  KING LATHAM LAW, PLLC

                                                  /s/ Roberta King Latham
Roberta King Latham
King Latham Law, PLLC
N.C. Bar No. 30717
301 N. Main Street, Suite 2605
Winston Salem, North Carolina 27101
Telephone: (336) 419-1151
Facsimile: (336) 770-2803
roberta@kinglatham.com